IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                           ORDER

      v.                                     05-cr-174-bbc-1 &

                                                   10-cr-48-bbc-1

KEVIN MOORE, JR.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Kevin Moore, Jr.'s supervised release was held on October 9, 2012, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Rita M. Rumbelow. Defendant was present in person and by counsel Associate Federal Defender Kelly A. Welsh. Also present was Senior U.S. Probation Officer Michael D. Harper.

From the record and the parties' stipulation, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on May 2, 2006, following his conviction for unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony. He was committed to

the custody of the Bureau of Prisons to serve a term of imprisonment of 54 months, with a 36-month term of supervised release to follow.

On February 23, 2010, while completing his term of imprisonment at Rock Valley Community Programs, Inc., residential reentry center as a Bureau of Prisons inmate, defendant signed out of the facility and did not return. On March 5, 2010, defendant was arrested in Chicago, Illinois. On June 15, 2010, defendant was sentenced following his conviction for escape from a federal residential reentry center in violation of 18 U.S.C. § 751, a Class D felony. He was committed to the custody of the Bureau of Prisons to serve an 18-month term of imprisonment to run consecutively to the term of imprisonment he was serving in Case No. 05-cr-174-bbc-1, with a three-year term of supervised release to follow imprisonment and to run concurrently with the term imposed in Case No. 05-cr-174-bbc-1.

Defendant began his term of supervised release on January 20, 2012. From on or about April 12, 2012, until his arrest on May 29, 2012, defendant violated the mandatory conditions prohibiting him from committing another federal, state or local crime, and prohibiting him from illegally possessing a controlled substance, when he began selling heroin in the Madison, Wisconsin area. On July 25, 2012, he pleaded guilty to distribution of heroin in violation of 21 U.S.C. § 841(a)(1), in Case No. 12-cr-66-bbc-1. On April 8, 2012, defendant violated Standard Condition No. 1, prohibiting him from leaving the judicial district without permission when he traveled to Chicago, Illinois, without obtaining

2

approval from his supervising probation officer. On May 7 and May 14, 2012, defendant violated Standard Condition No. 2 requiring him to report to the probation officer as instructed and to submit a truthful and complete monthly report within the first five days of each month, when he failed to report to the probation office as previously instructed. He violated this condition again when he failed to submit a written monthly supervision report for May 2012.

Defendant's conduct includes behavior which falls into the category of a Grade A violation. Section 7B1.3(a)(1) of the advisory guidelines provides that the court shall revoke supervised release upon a finding of a Grade A violation. 18 U.S.C. § 3583(g)(1) requires mandatory revocation for possession of a controlled substance.

## CONCLUSIONS

Defendant's violations require revocation. Accordingly, the concurrent 36-month terms of supervised release imposed on May 2, 2006, in Western District of Wisconsin Case No. 05-cr-174-bbc-1 and on June 15, 2010 in Western District of Wisconsin Case No. 10-cr-48-bbc-1 will be revoked.

Defendant's criminal history category is VI. With a Grade A violation he has an advisory guideline term of imprisonment range of 33 to 41 months. The statutory maximum to which he can be sentenced upon revocation is 48 months, under 18 U.S.C. § 3583(e)(3),

which provides that a person whose term of supervised release is revoked may not be required to serve more than two years on each case if the offenses for which defendant was sentenced previously were Class C and D felonies.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range. The purpose of this sentence is to hold the defendant accountable for his violations and for protection of the community.

ORDER

IT IS ORDERED that the periods of supervised release imposed on defendant in Case No. 05-cr-174-bbc-1 on May 2, 2006, and Case No. 10-cr-48-bbc-1 on June 15, 2012, are REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 24 months, on each case, to be served concurrently with each other but consecutively to the term of imprisonment imposed in Western District of Wisconsin Case No. 12-cr-66-bbc-1. No term of supervised release shall follow.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 23d day of October 2012.

BY THE COURT:

/s/

BARBARA B. CRABB

U.S. District Judge